Davis, P. J.
This action was brought upon a promissory note alleged to have been made by defendant to plaintiff for goods sold and delivered. The plaintiffs also allege that they were copartners doing business under the firm name of Roberts, Cushman & Company. The answer averred, that “ the defendant had no knowledge or information sufficient to form a belief as to whether or not the plaintiffs are copartners, as alleged in the complaint, or otherwise.” The answer also set up the Statute of Limitations as a defense.
The making and delivery of the note were not denied; nor was the allegation of the complaint that the plaintiffs were the owners and holders of the note put in issue; nor was there any allegation in the answer of misjoinder, or defect of parties.
It appeared upon the trial that the plaintiff Charles Stone, was not at any time a member of the firm of Roberts, Cushman & Company, but that the firm was composed of the other plaintiffs named, and one Edward Roberts.
The court erroneously excluded answers to a large number of questions on the part of plaintiffs, seeking to explain Stone’s relations to the firm, and to show that he was properly a party to the suit; but it is not necessary to review the rulings on such questions.
The answer admitted (by neglect to deny) that the defendant made and delivered the note to plaintiffs; that it was wholly unpaid and that the plaintiffs were owners and holders of it; and it was an immaterial circumstance whether plaintiffs were copartners or not; the court erred in treating that as a material issue. Besides, if it were of any importance, the misjoinder and nonjoinder were waived under the provisions of the Code by not averring them in the answer. The Code (section 488) enacts that such objections when not taken by demurrer or answer are waived. They could not have been taken by demurrer in this case, because they did not appear on the face of the complaint; but the supposed misjoinder of Stone and nonjoinder of Edward Roberts, could have been pleaded by the answer, and thus, if material, have presented an issue for trial. Nothing of that kind having been done, the plaintiff’s case stood admitted, and they were entitled to a verdict, unless the defendant established his affirmative defense of the Statute of Limitations. The judgment must be reversed and new trial ordered with costs to abide the event.
Brady, J., concurs.